UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

AQA OF LOUISIANA, LLC                                           CIVIL ACTION

VERSUS

SCOTTSDALE INSURANCE
COMPANY                                                         NO. 23-00308-BAJ-SDJ

RULING AND ORDER

In this action, Plaintiff AQA of Louisiana, LLC ("AQA") seeks to recover insurance proceeds allegedly due under a commercial policy issued by Defendant Scottsdale Insurance Company to third-party Chandrakant Patel. (Doc. 1-9 ¶¶ 3-14). AQA pursues statutory claims for breach of the Scottsdale Policy *and* bad faith breach under La. R.S. §§ 22:1892 and 22:1973, respectively, and a separate claim of unjust enrichment. (*Id.* ¶¶ 15-32). To overcome the obvious problem that it is *not* the named insured under the Scottsdale Policy, AQA alleges that "Patel assigned his rights, benefits, and proceeds [under the Scottsdale Policy] to AQA," (*id.* ¶ 14), and appends a copy of the purported assignment agreement to its petition, (*id.* at 7-8).

Now Scottsdale moves to dismiss AQA's action, arguing (among other things) that any claim for breach of the Scottsdale Policy fails because, on its face, the assignment agreement assigned Patel's rights to "Air Quality Assessors of Florida," a distinct legal entity from AQA; and that AQA's unjust enrichment claim fails because AQA undertook to perform services on Patel's damaged property (a hotel) at its own risk. (Doc. 4-1 at 12-15). Remarkably, AQA does *not* oppose Scottsdale's

1

motion.[1]

At the Rule 12 stage, the critical issue is whether the complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Determining whether a complaint states a plausible claim for relief [is] ... a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Ashcroft*, 556 U.S. at 679. This Court has repeatedly admonished that, when making this assessment, "it will not speculate on arguments that have not been advanced, or attempt to develop arguments on a party's behalf." *Doe v. Bd. of Supervisors of Univ. of Louisiana Sys.*, 650 F. Supp. 3d 452, 477 n.13 (M.D. La. 2023) (Jackson, J.).[2]

Under Louisiana law, an assignment agreement—like any contract—"is the law" between *the parties* to the agreement. *See Johno v. Doe*, 2015-0737 (La. App. 4 Cir. 3/9/16), 187 So. 3d 581, 584, *writ denied*, 2016-0777 (La. 6/17/16), 192 So. 3d 769. It is axiomatic that a party *not* assigned claims under an assignment agreement *cannot* pursue those claims as if it were the beneficiary of an assignment. *E.g.*, *id.* at

---

[1] At this point, it appears that AQA has all but abandoned its case. The record reflects that AQA's original counsel "discharged AQA as a client due to reasons protected by attorney-client privilege" in July 2023, two months after Scottsdale filed its motion to dismiss. (Doc. 10 at 1; *see also* Doc. 14 at 1). Despite undeniably knowing of Scottsdale's motion, (Doc. 15 ¶ C), and also being aware that Scottsdale's motion, if granted, "would dispose of the entire case," (Doc. 17 at 1), AQA has failed to enroll new counsel.

[2] Pursuant to the Court's Local Civil Rules, and consistent with the general rule that a party's failure to respond to an issue acts as a waiver, AQA has waived its opposition to Scottsdale's motion to dismiss. *See Doe*, 650 F. Supp. 3d at 477 n.13; *e.g.*, *Palmer v. Decatur Hotels, LLC*, No. 22-cv-00442-BAJ-RLB, 2023 WL 2064052, at *1 n.4 (M.D. La. Feb. 16, 2023) (Jackson, J.), *appeal dismissed*, 2023 WL 5959439 (5th Cir. June 27, 2023).

586–87 ("Because Mr. Johno is not the assignee of Duplessis' bad-faith failure-to-settle claim under Section 1973 against Scottsdale, he may not advance or exercise Duplessis' right of action."). Here, AQA's statutory claims rely on an assignment agreement that, on its face, assigns Patel's rights under the Scottsdale Policy to "Air Quality Assessors of Florida." (Doc. 1-9 at 7). The Court cannot simply overlook this obvious discrepancy and, absent any argument from AQA, determines that it is fatal to AQA's claims for breach of the Scottsdale Policy under La. R.S. § 22:1892, and bad faith breach under La. R.S. § 22:1973. *See Johno*, 187 So. 3d at 584.

Louisiana law is equally clear that a claim for unjust enrichment fails when the alleged "impoverishment" resulted from the plaintiff's own fault or risk. *Gray v. McCormick*, 94-1282 (La. App. 3 Cir. 10/18/95), 663 So. 2d 480, 487. Here, on its face, the assignment agreement conditioned any payment of insurance proceeds under the Scottsdale Policy upon Scottsdale's approval of Patel's claim, or court order. (Doc. 1-9 at 7 ("This agreement does not obligate the client to AQA in any way, unless the insurance provider approves the claim, or a court of competent jurisdiction orders the insurance carrier to provide coverage and payment for the damage(s) suffered by the client. Unless additional work is requested, AQA agrees the services will be completed with no upfront cost to the client.")). On the present record—which properly includes the assignment agreement (because it was appended to AQA's petition)—and absent any objection from AQA, the Court agrees with Scottsdale that AQA clearly undertook to provide services to Patel at its own risk, and therefore its claim for unjust enrichment also fails. *E.g.*, *Gray*, 663 So. 2d at 487.

When a complaint fails to state a claim, the plaintiff generally should be allowed an opportunity to amend before dismissing with prejudice, unless it is clear that amendment would be futile. *See Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002). Here, AQA has not responded to Scottsdale's motion, thus providing no indication that it could do better if given another attempt. By the Court's own review, amendment would be futile because the flaws identified herein cannot be fixed.

Accordingly,

**IT IS ORDERED** that Scottsdale's **Rule 12 Motion To Dismiss (Doc. 4)** be and is hereby **GRANTED**.

**IT IS FURTHER ORDERED** that the above-captioned action be and is hereby **DISMISSED WITH PREJUDICE**.

Judgment shall be entered separately.

Baton Rouge, Louisiana, this 13th day of December, 2023

_____
**JUDGE BRIAN A. JACKSON
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA**